**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **MARIA LUISA SANTANA CONTRERAS** | **CIVIL DOCKET NO. 6:26-CV-645-P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TODD M. LYONS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of habeas corpus filed on behalf of Maria Luisa Santana Contreras ("Petitioner"), pursuant to 28 U.S.C. §2241. At the time of filing this petition, Petitioner, an alleged native and citizen of Mexico, was an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Petitioner sought release from detention or a bond hearing.

Petitioner entered the United States in 2012. Subsequently, Petitioner was taken into immigration custody (Doc. 1). Petitioner was deported from the United States on March 6, 2026 (Doc 5).

Petitioner filed a Motion for Order to Show Cause. In said Motion, Petitioner requests that this court (1) direct Respondents to explain why Petitioner was removed

while her habeas petition was pending; (2) direct Respondents to address whether Petitioner can be returned to the United States to pursue her habeas claims; and (3) grant any other relief that is just and proper (Doc. 5).

Because Petitioner has been removed and is no longer in ICE custody, her petition should be DISMISSED WITHOUT PREJUDICE because the court lacks jurisdiction and her Motion for Order to Show Cause should be DENIED.

**LAW AND ANALYSIS**

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990). Petitioner must continue to meet the case or controversy requirement. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Petitioner's petition challenging her detention is moot because she has been removed and is no longer in ICE custody. See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007). If a controversy is moot, the court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly, **IT IS RECOMMENDED** that Petitioner's petition be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and Petitioner's Motion for Order to Show Cause (Doc. 5) be **DENIED**.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 30th day of July 2026.

Mark L. Hornsby
U.S. Magistrate Judge